## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 2:10CR158 PPS |
| JUAN C. RAMIREZ-FUENTES, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant Juan Ramirez-Fuentes was tried and found guilty on charges of possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, and of possession of a firearm in furtherance of that drug trafficking crime. At trial, I addressed the admissibility of several species of prior bad act evidence. I gave my reasons on the record for the decisions I made, and advised the parties that a written opinion would follow. This is that opinion.

Rule 404(b) of the Federal Rules of Evidence addresses an important limitation on evidence of crimes, wrongs or acts of a person different from the acts on which a claim or charge is itself based. The rule provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The rule prevents the government from adducing evidence of prior drug trafficking merely in hopes that a jury will make the prohibited inference that "once a drug dealer, always a drug dealer." *United States v. Hicks*, 635 F.3d 1063, 1070 (7th Cir. 2011).

But Rule 404(b) does permit the use of prior bad act evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

mistake or accident." The Seventh Circuit has prescribed a four-part test for determining whether evidence is properly admitted under Rule 404(b):

> (1) the evidence was directed toward a matter in issue other than the defendant's propensity to commit a crime; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Moore*, 641 F.3d 812, 824 (7th Cir. 2011).

In this case, the government sought permission to use two sorts of evidence at trial under Rule 404(b). The first species of evidence that I was asked to consider is that portion of defendant Juan Ramirez-Fuentes' written statement acknowledging that a friend named Luis paid him $500 to deliver a bag containing one kilogram of cocaine to a house in Chicago, and there defendant picked up a bag containing approximately $30,000 in cash which he took back to Luis in Indiana.[1] The government has argued that the permissible purposes of knowledge, intent and lack of mistake are served by this evidence, rendering it admissible under 404(b).

As I stated on the record, I find that the evidence of defendant's statement admitting to a prior incident of him transporting drugs and money for Luis meets the Seventh Circuit's four-part test for admissibility under Rule 404(b). First, the evidence is directed to a matter in issue other than the defendant's propensity to commit a crime, namely knowledge. Concerning the methamphetamine that is the subject of Count 1 of the indictment, defendant had previously told agents he didn't know there was a controlled substance in the bag he picked up from Luis and allegedly put in his brother's home. The fact that Ramirez-Fuentes engaged in a prior illicit drug

---

[1] When counsel were heard on the motion the first day of trial, the Assistant United States Attorney clarified that she did not intend to use a separate law enforcement surveillance report that would reflect the same delivery of drugs and return of cash as addressed in defendant's statement. As I then indicated on the record, I was not inclined to permit the admission of the surveillance report because it was disclosed too late.

transaction on behalf of the same individual, Luis, is probative of defendant's knowledge of the contents of the bag in this instance. So although I am not persuaded that the evidence is relevant to issues of intent or absence of mistake, its relevance to Ramirez-Fuentes' knowledge that he possessed a controlled substance on the day charged in the indictment meets the first prong of the applicable test.

The second prong is readily met. The proffered 404(b) evidence involves very similar activity – the earlier incident and the charge in Count 1 both involve Ramirez-Fuentes essentially doing drug errands for Luis involving transporting quantities of controlled substances. And the statement offered under 404(b) describes prior acts that are certainly close enough in time to the charged offense conduct; the two are separated by less than a month. The third prong requires sufficient evidence to prove that the defendant committed the prior act. Here the evidence of the prior act is the signed statement of defendant himself admitting to the prior act, which satisfies part three of the test.

The final part of the test requires a finding that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. The high degree of similarity and the recency of the prior bad act results in a high probative value as to the knowledge required to be proved for conviction of Count 1, and this high probative value is not substantially outweighed by unfair prejudice. "Evidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *United States v. Zahursky*, 580 F.3d 515, 525 (7th Cir. 2009). The fact that the prior act and the events underlying Count 1 are so similar actually minimizes the risk of unfair prejudice from the prior act evidence, because there is nothing particularly sensational in the jury hearing of the earlier incident when it so closely mirrors the evidence they would otherwise hear as to the

charged offense. For all these reasons, I conclude that Rule 404(b) did not prohibit the admission of evidence of defendant Juan Ramirez-Fuentes' statement admitting to the prior delivery of cocaine and return with cash to Luis.

The second species of evidence for 404(b) analysis is the fruit of the search of defendant's residence, specifically several digital scales (one that was found with white powder residue on it), a baggie containing marijuana, a Nike shoe box containing cocaine residue, a large quantity of cash and two loaded handguns. I found that evidence of these items was admissible on the issues of intent and knowledge, with two exceptions. Because the white powder residue on the scale was not scientifically analyzed, I excluded references to the presence of this powder so that the jury would not make unsupported inferences about the substance.[2] Secondly, after discussion of a separate government motion in limine, I excluded references to the marijuana found in defendant's residence, finding that it was not germane to the charges in this case.

The evidence that digital scales, cash, handguns and cocaine residue were found in defendant's residence was directed toward matters in issue other than the defendant's propensity to commit a crime, because it was probative of his knowledge of drugs and drug distribution and to his intent with respect to taking and storing the bag of crystal meth for Luis. As the Seventh Circuit has observed: "We have repeatedly held that when a defendant is charged with a specific intent crime, the government may introduce evidence of other acts to prove intent." *United States v. Best*, 250 F.3d 1084, 1091 (7th Cir. 2001). Evidence of large amounts of cash and a digital scale have been found admissible under 404(b) in a case charging possession with intent to distribute, as tools of the drug trade relevant to the defendant's knowledge and intent. *United States v. Chavis*, 429 F.3d 662, 669-70 (7th Cir. 2005).

---

[2] By contrast, the residue on the Nike shoe box was both field- and lab-tested, and the results indicated that it was cocaine residue. This evidence was not excluded.

Because the evidence of the search derives directly from the investigation of the charged crimes and undisputedly from the search of Ramirez-Fuentes' own home, it is similar enough and close enough in time to be relevant, as well as sufficient to support a jury finding that the defendant committed the act of possessing the fruits of the search. The first three of the four prongs for admissibility of 404(b) evidence are therefore met.

Finally, as with the evidence of Ramirez-Fuentes' previous drug errand for Luis, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. It is often noted that all adverse evidence is prejudicial to the party against whom it is offered, and that only *unfair* prejudice is of significance in admissibility determinations. *United States v. Strong*, 485 F.3d 985, 991 (7th Cir. 2007); *United States v. Thompson*, 359 F.3d 470, 479 (7th Cir. 2004). The evidence of the items found in defendant's home did not appeal unfairly to the jury's emotions and was not otherwise inflammatory. During trial, a limiting instruction was given at the time the 404(b) evidence was heard, advising the jury of the limited purposes for which the evidence could be considered. Such a contemporaneous jury instruction further limits the prejudicial impact of the "other act" evidence. *United States v. Conner*, 583 F.3d 1011, 1023-24 (7th Cir. 2009). I find that the balancing test required to admit the evidence is met.

ACCORDINGLY, the government's 404(b) Motion [DE 67] is **granted in part** and **denied in part** as indicated in the foregoing opinion and on the record at trial.

SO ORDERED.

ENTERED: October 13, 2011.     s/ Philip P. Simon
                                                               PHILIP P. SIMON, CHIEF JUDGE
                                                               UNITED STATES DISTRICT COURT